Haluk Savci, Esq.
Mason Tender District Council
520 8th Avenue, Suite 650
New York, N.Y. 10018
(212) 452-9407

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
TRUSTEES FOR THE MASON TENDERS :
DISTRICT COUNCIL WELFARE FUND, :
PENSION FUND, ANNUITY FUND, and :
TRAINING PROGRAM FUND, and JOHN J. :
VIRGA, in his fiduciary capacity as Director, :
:
:
and : Civil Action No.
:
ROBERT BONANZA, as Business Manager :
of the MASON TENDERS DISTRICT COUNCIL : ECF CASE
OF GREATER NEW YORK, :
    Plaintiffs, :
:
-against- :
:
   SUPER LLC, :
:
    Defendant. :
-------------------------------------------------------------- x

  The Trustees for the Mason Tenders District Council Welfare Funds, Pension Fund, Annuity Fund and Training Program Fund (hereinafter the "Funds") and the Mason Tenders District Council of Greater New York (the "Union" or "MTDC") which both have their principal base of business at 520 8th Avenue, Suite 600 and 650, New York, New York 10018, pursuant to FRCP 8(a), hereby bring the following allegations against SUPER LLC, (" Super LLC" or "the Company"), which maintains its principal place of business at 484 Route 17 North, Suite 2, Paramus, New Jersey 07652. This is an action brought pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Section 185 to confirm a default arbitration award (the "Award") issued in

accordance with the grievance and arbitration terms set forth in the applicable collective bargaining agreement and Trust Funds Agreements. This Action arises from the failure of the Company to timely pay monies owed pursuant to the Award. The Funds and the MTDC seek a judgment confirming the Award and ordering the Company to pay the Funds $121,838.40 in delinquent fringe benefit contributions, union dues and Political Action Committee ("PAC") contributions, interest, liquidated damages, interest and arbitration costs.

## THE PARTIES

1. Plaintiffs are the Trustees of the Mason Tenders District Council Welfare, Annuity, Pension and Training Program Funds. These Funds are "employee benefit plan[s]" as defined in Section 3(3) of ERISA, 29 U.S.C. §1002(3) and "multiemployer plan[s]" within the meaning of Section 3 (37)(A) of ERISA, 29 U.S.C. §§ 1002(37)(A). Each Fund is established and maintained pursuant to an Amended and Restated Agreement and Declaration of Trust (the "Benefit Plan Trust Agreement" and the "Pension Fund Trust Agreement", collectively, the "Trust Agreements"). The Plans are each jointly administered by a Board of Trustees made up of union and employer representatives pursuant to the requirements of Section 302(c)(5) of the Taft-Hartley Act, 29 U.S.C. §186(c)(5). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 USC § 1132(d)(1). The purpose of the Funds, among other things, is to provide fringe benefit to eligible employees on whose behalf employers contribute to the Funds pursuant to collective bargaining agreements between employers in the building and construction industry and the union. The Funds maintain their principal place of business at 520 8th Avenue, New York, NY 10018. John Virga is the Director of the Funds.

2. The union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 USC § 185) which represents employers in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 USC § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The

Union maintains its principal place of business at 520 8th Avenue, Suite 650, New York, NY 10018. Plaintiff the MTDC is a "labor organization" within the meaning of 29 U.S.C. Section 152(5). The MTDC maintains its principal place of business within this judicial district, at 520 8th Ave., Suite 650, N.Y., N.Y. 10018. Robert Bonanza is the Business Manager of the MTDC.

3.      Super LLC is an "employer" in an industry affecting commerce within the meaning of 29 U.S.C. Section 152(2) and is signatory to the New York City School Construction Authority ("SCA") Project Labor Agreement with the New York City Building Trades.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action under Section 301 of the LMRA, 29 U.S.C. Section 185, and 28 U.S.C. Sections 1331 and 1337.

5.      Venue lies in this judicial district under Section 301 of the LMRA, 29 U.S.C. Section 185, because on information and belief the Company transacts business in this judicial district. Venue lies in this judicial district under 28 U.S.C. Section 1391(b), because the Funds and MTDC maintain offices in this judicial district and the arbitration proceeding was convened in this judicial district.

## STATEMENT OF FACTS

### The Collective Bargaining Agreement

6.      At all relevant times the Company was party to a Project Labor Agreement ("PLA") executed between the New York City Building Trades and the New York City School Construction Authority ("SCA") as well as the MTDC Independent Asbestos Agreement (the "CBA"). The PLA and CBA establish the terms and conditions of employment for all bargaining unit employees of the Company. The PLA and CBA state that an Employer agrees to and shall be bound by all terms and condition of the Trust Agreements and any amendments. The Trust Agreements require bound employers like Super LLC to pay contributions to the Funds for all employees covered at the rates set forth therein. In addition

to contributions owed the Funds at the rate set forth therein, pursuant to the CBA, the Funds have been designated as the authorized collection agent for contributions due to the New York State Laborers Employer Cooperation and Education Trust Fund, New York Laborers Health and Safety Trust Fund and Greater New York Laborers – Employers Cooperation and Education Trust Fund. The Funds are also designated as the authorized collection agent for the MTDC and Mason Tenders District Council Political Action Committee for dues and contributions respectively which are voluntarily authorized by employees on forms provided for that purpose by the Union.

7. The relevant Trust agreements require the contributions owed to the Plans to be paid weekly for all hours worked by employees covered under the agreement.

8. The Trust agreements permit the Trustees of the Plans to take any legal action for the purpose of collecting unpaid benefits from an employer including through the commencement of arbitration proceedings against delinquent employers to seek allegedly delinquent contributions.

9. Super LLC is an "Employer" as defined by the Trust Agreements. It is bound to the terms and provisions of the Trust Agreements, the Company's contributions to the Plans, and acceptance of the Plans' coverage for its employees. The Trust Agreements require that participating employers pay contributions monthly no later than the due dates set forth in the CBA and in all instances no later than the fifteenth (15th) day of the month following the month for which they are due as provided in the CBA.

10. The Trust Agreements further provide the Trustees have the power to demand, collect and receive Employer contributions and are authorized to take steps, including the institution of legal or administrative proceedings, to collect delinquent contributions including initiating arbitration proceedings against delinquent employers.

11. In addition, pursuant to the Trust agreements in any legal action for unpaid contributions commenced by the Trust Fund, the Employer shall pay to the Funds all unpaid contributions due and

payable, interest on such unpaid contributions, interest on the unpaid contributions as and for liquidated damages and all attorney's fees and costs of the action..

12. Under duly adopted amendments to the Trust Agreements, if an Employer becomes delinquent in the payment of contributions to the Funds, the Trustees have the option of commencing a proceeding to enforce the Employer's obligations through arbitration before one of a panel of three designated arbitrators.

13. A dispute arose concerning Super LLC's failure to meet obligations to make fringe benefit and other contributions to the Trust Funds pursuant to the CBA and the relevant Trust Agreements for the period May 16, 2013 through February 27, 2015.

14. Pursuant to the CBA, PLA and the Trust Agreements, the Funds on or around June 30, 2015 referred the dispute to Arbitrator Joseph Harris for arbitration who by letter dated July 1, 2015 scheduled a hearing for August 4, 2015.

15. The hearing was duly conducted as a default hearing on August 4, 2015. No representative appeared on behalf of Super LLC. After finding Super LLC had sufficient notice of the hearing, the Arbitrator proceeded with the hearing as a default. The Funds submitted evidence of the delinquent monies owed by the Company including an auditor's report completed after a books and records examination of the Company. This report indicated that the Company owed the Funds for the relevant period some $144,808.73 in delinquent contributions, $21,797.24 in dues and PAC contributions and $3,403.01 in interest. In addition to these amounts, the Funds as damages requested ERISA liquidated damages and arbitration fees.

16. Arbitrator Harris on August 12, 2015 issued a Default Award in favor of the Funds against Super LLC ordering the Company to pay the Funds $200,470.73 in monies owed.

17.     Arbitrator Harris forwarded a copy of the Default Award to the Company as did the Funds. Super LLC did not move to vacate the Default Award in any manner. Since the Award was issued, Super LLC has paid $96,844.40 against the Award leaving an outstanding balance of $69,808.73 in delinquent contributions, $21,797.24 in dues and PAC contributions, $8,994.82 in interest, and $21,238.61 in imputed audit costs for a total of $121,839.40.

18.     Plaintiffs pray for an Order confirming the Default Award, and directing the entry of Judgment against Super LLC in the amount of $121,839.40 with statutory interest to accrue from the date of the entry of Judgment.

Dated: August 11, 2016
       New York, NY

By: _____
    Haluk Savci, Esq. (HS-0853)
    Mason Tender District Council
    520 8th Avenue, Suite 650
    New York, N.Y. 10018
    (212) 452-9407
    hsavci@masontenders.org

# ATTACHMENT

OFFICE OF THE IMPARTIAL ARBITRATOR
................................................................
In the Matter of the Arbitration Between  (

TRUSTEES OF THE MASON TENDERS DISTRICT  ( OPINION AND
COUNCIL FRINGE BENEFIT FUNDS and MASON  ( DEFAULT AWARD
TENDERS DISTRICT COUNCIL OF GREATER NEW  (
YORK  (Funds)  ( Joseph A. Harris, Ph.D.
  ( Impartial Arbitrator
              -and-  (
  (
SUPER, LLC (Defendant)  (
................................................................

Appearances:

For the Funds:
    Haluk Savci, Esq.        Associate General Counsel, MTDC
    Dominick Giammona     Manager, Mason Tenders Trust Funds

For the Employer:
    No One

The Defendant and the Funds are bound by the terms of the "Project Labor Agreement Covering Specified Construction Work Under the Capital Improvement Program for Fiscal Years 2009-2014 on behalf of the New York City School Construction Authority." (F-1) Tailor Dominguez, President of Super, LLC signed a Sub-contractor Affidavit of Project Labor Agreement on April 25, 2014 stating that his company would be bound by the provisions of the SCA's Project Labor Agreement "with respect to all work to be performed under the solicitation." The Funds submitted a MTDC Contractor Information Sheet indicating that the Defendant was a contractor at PS 311 in the Bronx. (F-2)

The Funds sent me a "Notice of Intention to Arbitrate" (F-3) dated June 30, 2015 and requested that I conduct an arbitration regarding, in part:

> Delinquent fringe benefit contributions and other contributions due to the Funds and the District Council pursuant to the provisions of the collective bargaining agreement between SUPER, LLC and the MASON TENDERS DISTRICT COUNCIL OF GREATER NEW YORK as determined by an audit for the period 05/16/2013 through 02/27/2015 in the amount of $144,808.73 in addition to dues and PAC contributions in the amount of $21,797.24, audit fees in the amount of $21,238.61 and statutory interest in the amount of $3,181.01 owed as of 05/27/2015 for a total amount of $191,025.59.

1

On July 1, 2015, I sent e-mails and a USPS First Class letter to each Party, informing them that the Arbitration on the above matter would be held on August 4, 2015 at the Funds office in New York City. I did not receive any response from the Defendant, and my letter to the Defendant was not returned by the US Postal Service. On August 4, 2013, Mr. Savci appeared. No representative of the Defendant appeared, and I did not receive any communication from the Defendant. I then proceeded to conduct the Hearing as a Default hearing.

The Funds introduced a Payroll Audit conducted by Schulteis & Panettieri LLP for the period 05/16/2013 through 02/27/2015, and the Funds' Demand for Payment and USPS Certified Mail Receipts indicating delivery to the Defendant on April 30, 2015. (F-4). The Deficiency Report (as of 08/03/2015) for the Payroll Audit states that the Defendant owed fringe benefits of $144, 808.73, dues and PAC of $21,797.24, and current interest of $3,403.01, for a total of $170,008.98.

The Parties exchanged email and USPS correspondence during May 2015 regarding the moneys at issue. Thus, on May 6, 2015, Tailor Dominguez, President of Super LLC, wrote to the Funds and proposed a 24-month payment plan to pay off its accumulated debt. The Funds responded a week later with a rejection note. (F-3)

The Funds ask the Arbitrator to rule that the Defendant owes all of the above claimed moneys, plus 20% of unpaid principal in liquidated damages as per ERISA regulations, legal fees of $500.00, and arbitrator fees. The Funds state that they have not received any of the claimed moneys from the Defendant.

## AWARD

Based on the substantial and credible evidence that has been presented, the undersigned finds the Defendant owes delinquent fringe benefits and associated items as detailed in the Funds Exhibits. Super, LLC shall pay to the Funds the total, as detailed below:

| Audit Period 05/16/13 – 02/27/15 | |
| --- | --- |
| Delinquent Contributions for Fringes | $ 144,808.73 |
| Dues & PAC | 21,797.24 |
| Current Interest as of 08/03/15 | 3,403.01 |
| Audit Fees | 00.00 |
| 20% ERISA Liquidated Damages | 28,961.75 |
| **Subtotal** | **$198,970.73** |
| Attorney Fees | 500.00 |
| Arbitrator Fees (Pro-Rated Hearing and Writing) | 1,000.00 |

2

| TOTAL | $ 200,470.73 |
|---|---|

Date: August 12, 2015

*Joseph A Harris*
JOSEPH A. HARRIS, PH.D.
Impartial Arbitrator

STATE OF NEW YORK )
COUNTY OF NEW YORK )

The Undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with the arbitration law of the State of New York.

*Joseph A Harris*